IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANA W. DEAL,

         Plaintiff,

   v.              CASE NO. 07-3240-SAC

ROGER WERHOLTZ, et al.,

         Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in a Kansas correctional facility. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Screening of the Complaint

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff is serving a 168 month sentence for his second degree unintentional killing of Donnie Lee Irvin in 2005. In the present action he claims he is being tormented by mail sent to him from

Irvine's sister (Linda Kerr), and claims Kerr toured plaintiff's cell with correctional officials and victim advocate staff, and removed plaintiff's address book.  Plaintiff claims Kerr's letters constitute hate mail that subjects him to emotional distress and anxiety.  He also claims Kerr's actions violate his right to privacy, threaten the safety of plaintiff's girlfriend and family in California, and implicate Kerr's involvement in the death of a witness who would have testified on plaintiff's behalf if he had not died before plaintiff's criminal trial.

Plaintiff names Kerr as a defendant in this action.  He also names Roger Werholtz as Secretary of the Kansas Department of Corrections, Johnny Goddard as Warden of the Ellsworth Correctional Facility (ECF), Sam Cline as Warden of the Hutchinson Correctional Facility, Jina Murrel as a Correctional Specialist at ECF, Herbie Harris as the ECF Chaplain, Stacy Frimmel as an ECF Supervisor Secretary, Jennie Marsh as Supervisor of Victim Services of Salina, ECF Unit Team Members Domann and Pruitt.  Plaintiff claims these additional defendants conspired with Kerr to subject plaintiff to continuing emotional distress and the loss of plaintiff's property, and to subject plaintiff's girlfriend and family to the threat of harm.  On these allegations and claims, plaintiff seeks damages, declaratory judgment, and injunctive relief.

Having reviewed the supplemented record, the court finds all claims against all defendants are subject to being summarily dismissed because plaintiff's allegations state no cognizable claim upon which relief can be granted under 42 U.S.C. § 1983.

Standards

It is well established that 42 U.S.C. § 1983 itself creates no substantive rights, but merely provides a remedy for deprivations of federal rights established elsewhere. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1974 (2007). See Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

*Discussion*

The court finds the complaint is subject to being dismissed for the following reasons.

First, Kerr a person acting under color of state law for the

purpose of stating any claim for relief under 42 U.S.C. § 1983 against this defendant. Although a private individual acts "under color of state law" when engaged in a conspiracy with state officials to deny constitutional rights, Tower v. Glover, 467 U.S. 914, 920 (1984), joint participation, agreement, or a "meeting of the minds" to violate constitutional rights must be shown. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Plaintiff's bare allegation of a conspiracy by Kerr and other state defendants is insufficient where no factual allegations tend to show any agreement and concerted action between Kerr and other named defendants to violate plaintiff's constitutional rights. *See* Sooner Products Co. v. McBride, 708 F.2d 510 (10th Cir. 1983).

Next, plaintiff's allegations regarding Kerr's letters state no cognizable claim upon which relief can be granted under § 1983. Plaintiff has no constitutionally protected right to be free from unwelcome correspondence. Prison officials correctly point out that plaintiff can ignore and not read the letters sent to him by Kerr. To the extent plaintiff claims Kerr's letters subject him to additional grief and punishment, his allegations fall far short of establishing any conduct or conditions violating the Eighth Amendment's bar against cruel and unusual punishment. *See* Farmer v. Brennan, 511 U.S. 825 (1994)(to state actionable Eighth Amendment claim, plaintiff must show the challenged state action denied "the minimal civilized measure of life's necessities," and also show responsible officials acted with "deliberate indifference" to inmate health or safety).

To the extent plaintiff contends Kerr intended her letters to cause plaintiff emotional distress, plaintiff's allegations encompass at most if at all a state tort claim on which relief is not available in federal court under § 1983. *See* Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law). It is well recognized that § 1983 imposes no liability for violations of duties of care arising out of state tort law. DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989).

Nor does plaintiff allege any physical injury to support his allegations of anxiety and emotional distress. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Additionally, it is recognized that prisoners have no reasonable expectation of privacy in prison cells. *See* Hudson v. Palmer, 468 U.S. 517, 530 (1984). "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Id. at 526. Plaintiff's allegation of a Fourth Amendment violation by any defendant is thus subject to being summarily dismissed because no cognizable constitutional claim under the Fourth Amendment is presented.

Finally, to the extent plaintiff is attempting to assert a wrongful deprivation of property claim regarding any defendant's alleged role in the loss of plaintiff's address book, he fails to state a cause of action under § 1983. The unauthorized taking or destruction of personal property by jail officials does not give rise to a cause of action in federal court, for the reason that state law in Kansas provides an adequate remedy for deprivation of property claims.  *See* Gillihan v. Shillinger, 872 F.2d 935 (10th Cir. 1989)(*citing* Hudson v. Palmer, 468 U.S. 517 (1984)(intentional deprivation) *and* Parratt v. Taylor, 451 U.S. 527 (1981)(negligent deprivation)).  Plaintiff may pursue such relief in the state courts.

## Conclusion

The court thus finds the complaint states no cognizable claim for relief under 42 U.S.C. § 1983 against any defendant.  The court further finds it would be futile to allow plaintiff an opportunity to amend the complaint to cure the defects identified by the court, and concludes the complaint should be summarily dismissed.[1]  *See* Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999)("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

---

[1] Accordingly, plaintiff's pending motions for appointment of counsel are denied without prejudice.  Plaintiff's motion for a temporary restraining order, to prevent delivery of any further hate mail from Kerr, is denied.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Docs. 3 and 12) are denied without prejudice, and that plaintiff's motion for a temporary restraining order (Doc. 11) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 17th day of July 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge